# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PETERSON, | Case No. SA CV 14-1359 FMO (PLAx) |
| Plaintiff, | |
| v. | **ORDER** |
| JP MORGAN CHASE, aka CHASE HOME LOAN SERVICING, aka CHASE HOME FINANCE, aka CHASE BANK USA, aka (CHASE), <u>et al.</u>, | |
| Defendants. | |

On November 11, 2014, defendant JPMorgan Chase Bank, N.A. ("JPMorgan Chase") filed a Motion to Dismiss Plaintiff's Complaint ("JPMorgan Chase Motion"), and on November 14, 2014, defendant Select Portfolio Servicing, Inc. ("SPS" and collectively with JPMorgan Chase, "defendants"), filed a Motion to Dismiss of Defendant Select Portfolio Servicing, Inc to Plaintiff's Complaint ("SPS Motion" and collectively with JPMorgan Chase Motion, "Motions").[1] The Motions were set for oral argument on January 8, 2015. (<u>See</u> Motions). The hearing date required plaintiff to file his Opposition to the Motions no later than December 18, 2014. <u>See</u> Local Rule 7-9. Plaintiff did not file any opposition to defendants' Motions. Accordingly, the court will vacate the hearing date and grant defendants' Motions. <u>See</u> Local Rule 7-12.

In addition, given the policy favoring amendment of complaints, <u>see</u> <u>Morongo Band of</u>

---

[1] On December 10, 2014, defendant ALAW filed a joinder to the Motion. (<u>See</u> Defendant ALAW's Joinder in Defendants, Select Portfolio Servicing, Inc.'s and JP Morgan Chase Bank, N.A.'s Motion to Dismiss).

Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), the court will grant defendants' Motions and give plaintiff an opportunity to amend his complaint. In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendants' Motions. The court expects that defendants will agree to any amendment(s) that will cure the alleged defects.

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint **(Document No. 10)** is **granted**, and the hearing on defendant's Motion, currently set for January 8, 2015, is hereby **vacated**.

2. The Motion to Dismiss of Defendant Select Portfolio Servicing, Inc to Plaintiff's Complaint **(Document No. 13)** is **granted**, and the hearing on defendant's Motion, currently set for January 8, 2015, is hereby **vacated**.

3. Plaintiff's Complaint is **dismissed with leave to amend**.

4. If plaintiff still wishes to pursue this action, he is granted until **January 19, 2015**, to file a First Amended Complaint attempting to cure, to the extent he believes is warranted by existing law, the alleged defects outlined in defendants' Motions.

5. The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 14-1359 FMO (ASx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

6. Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

1  7. Any defendant shall file its Answer to the First Amended Complaint or a motion
2  pursuant to Fed. R. Civ. P. 12 no later than **February 2, 2015**.

3  8. In the event any defendant wishes to file another motion to dismiss, then counsel
4  for the parties shall, on **January 26, 2015, at 10:00 a.m.**[2] meet and confer to discuss defendant's
5  motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well
6  as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where
7  it took place, how long it lasted and the position of each attorney with respect to each disputed
8  issue that will be the subject of the motion). Failure to include such a declaration will result in the
9  motion being denied.
10 Dated this 30th day of December, 2014.

12                                                                /s/
                                                        Fernando M. Olguin
13                                                    United States District Judge

---

[2] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.